2023 PA Super 233

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FLECIA HARVEY | : | |
| | : | |
| Appellant | : | No. 452 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 26, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001843-2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

OPINION BY KUNSELMAN, J.:                                **FILED:  November 8, 2023**

In this case of first impression, Flecia Harvey appeals from a judgment of sentence, imposing one year probation, after the trial court convicted her of destroying a survey monument and trespass.[1]  There is no evidence proving whether the stakes and flags she removed from a driveway met the statutory definition of "survey monuments or markers."  Thus, we reverse the denial of post-sentence relief and remand for resentencing on the trespass charge.

Ms. Harvey and her wife, Veronica Rutherford, owned a residence on a landlocked property in Penn Hills.  Their land adjoined that of Holly and Ramin Fashandi, another landlocked property.  Mr. Fashandi's parents ("Parents") owned the land separating the landlocked properties from the public road.

The landlocked properties also had abutting, twelve-and-half-foot-wide easements through the Parents' property.  Those easements allowed Ms.

_____

[1] **See** 18 Pa.C.S.A. §§ 3312(a)(2) and 3503(b.1)(1)(i).

Harvey, Ms. Rutherford, and the Fashandis to access their properties by using equal halves of a common, asphalt driveway.

Mr. Fashandi hoped to improve the driveway by upgrading the surface to concrete. He and his wife approached Ms. Harvey and Ms. Rutherford to ask if they wanted to enter into a joint-maintenance agreement. When Ms. Rutherford declined, the Fashandis decided to proceed with improving their half of the driveway.

Mr. Fashandi hired a surveyor to mark his half of the easement, so the Fashandis "could begin to tear [the asphalt] out, repair it, and replace it with concrete." N.T., 10/21/21, at 10. They had R.F. Mittal Associates, Inc. (the "Mittal company") mark the easement, because the Mittal company had surveyed the property for the Fashandis in 2018. On April 25, 2020, the Mittal company "put pins and flags in the driveway, and then he pulled off of those [twelve-and-a-half feet] and set stakes and flags going up the grass." N.T., 10/21/21, at 13. This marked the easement for the concrete project by dividing the driveway in half.

Later than day, Ms. Harvey returned home and took exception to having the markers in the middle of the driveway. She ripped up "the markers that the surveyor put in the ground." *Id.* at 14. She also entered the Parents' property and threw the removed wooden stakes and flags into their yard. The

Fashandis called the police. They charged Ms. Harvey with destruction of a survey monument and scattering rubbish on the land.[2]

The matter proceeded to a non-jury trial, where the Commonwealth moved to add a count for simple trespass to the criminal complaint. The trial court granted that motion. Next, Mr. and Mrs. Fashandi testified for the Commonwealth during its case-in-chief. Jeffery Horneman, an expert in land surveying, testified during Ms. Harvey's defense. She did not testify. The trial court acquitted Ms. Harvey of scattering rubbish on the land, but it convicted her of destruction of a survey monument and simple trespass.

The court sentenced Ms. Harvey as described above. She filed a post-sentence motion seeking judgment of acquittal. After 120 days passed, the clerk of courts entered an order denying the motion "by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(b)." Trial Court Order, 3/31/22, at 1. This timely appeal followed.

Ms. Harvey raises three issues, which we have reordered for ease of disposition as follows:

1.  Was the evidence insufficient to sustain the conviction [for] destruction of a survey monument, because the Commonwealth did not establish, beyond a reasonable doubt, that Ms. Harvey damaged or removed "any survey monument or marker" pursuant to 18 PA.C.S.A. § 3312?

2.  Was the evidence insufficient to sustain the conviction [for] destruction of a survey monument, because the Commonwealth did not establish, beyond a reasonable

---

[2] *See* 18 Pa.C.S.A. § 6501(a)(1).

- 3 -

doubt, that Ms. Harvey had the intent of calling into question a boundary line, as opposed to just annoying her neighbors?

3. Was the evidence insufficient to sustain the conviction [for] criminal trespass/simple/simple trespasser, because the Commonwealth did not establish, beyond a reasonable doubt, that Ms. Harvey's purpose in entering the property was to threaten or terrorize the owner or occupant of the premises?

Harvey's Brief at 5. We address only the first issue, because it is dispositive.

Ms. Harvey claims the Commonwealth's evidence was insufficient to convict her of destruction of a survey monument. She claims the evidence does not support the finding that she removed a "survey monument or marker." Ms. Harvey believes she removed temporary wooden stakes and flags, as opposed to permanent objects, such as the below-ground metal pins or concrete monuments, which surveyors use to mark property boundaries. In her view, the wooden stakes and flags were only temporary guides for the installation of the concrete. *Id.* at 12.

In response, the Commonwealth relies on the opinion of the trial court, wherein the trial court stated:

all of the . . . pins, flags, and stakes were to outline the easement, and there was no evidence that they were temporary . . . [Ms. Harvey's expert witness,] Mr. Horneman's testimony establishes that the wooden stakes are not "temporary markers" but are used as "witness markers" to aid in the location of the metal markers that are pounded in the ground and may only be found by a metal detector.

Commonwealth's Brief at 9 (quoting Trial Court Opinion, 6/29/22, at 6). The Commonwealth additionally relies upon Mr. Horneman's admission on cross-

- 4 -

examination that he did not know "whether the stakes and flags that were removed by [Ms. Harvey] were temporary markers . . . ." **Id.** (citing N.T., 10/21/21, at 39).

"Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Williams**, 176 A.3d 298, 305 (Pa. Super. 2017) (citations and quotation marks omitted). Furthermore, "we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt." **Id.**

In order to determine whether the Commonwealth provided sufficient evidence of record to prove Ms. Harvey committed destruction of a survey monument, we turn to the statute. The General Assembly has dictated that a "person commits a misdemeanor of the second degree if [that person] willfully or maliciously cuts, injures, damages, destroys, defaces, or removes any survey monument or marker . . . ." 18 Pa.C.S.A. § 3312(a)(2). Critically, the legislature defined "survey monument or marker" as follows:

> Any object adopted or placed by a professional land surveyor to define the boundaries of a property, including, but not limited to, natural objects such as trees or streams, or artificial monuments such as iron pins, concrete monuments, set stones or party walls. The phrase **does not** include a wooden stake placed by a professional land surveyor as a temporary marker or placeholder.

18 Pa.C.S.A. § 3312(d) (emphasis added).

The plain language of that definition carves out an exception for "wooden stake," like the wooden stakes that Ms. Harvey removed from the common driveway. This exception applies if a land surveyor placed the wooden stakes to serve as a "temporary marker or placeholder."

The Commonwealth offered no evidence as to the land surveyor's intent regarding the wooden stakes and flags that the Mittal company inserted on April 25, 2020. While the trial court correctly observed that "there was no evidence that they were temporary," there was also no evidence that the wooden stakes and flags were permanent. Trial Court Opinion, 6/29/22, at 6. The Commonwealth neglected to call anyone from the Mittal company to explain whether they installed the wooden posts and flags with the intention that they be permanent or temporary. Nor did Mr. and Mrs. Fashandi offer any testimony as to the Mittal company's intent at the time the markers were installed.

In fact, the Fashandis testified that the wooden stakes and flags were installed for the purposes of resurfacing the driveway, not as the permanent markers of the property line. The only reasonable inference a finder of fact could draw from that testimony was that the wooden stakes and flags were temporary – *i.e.*, that the Fashandis planned to remove them following the driveway-improvement project.

Hence, the record is devoid of any evidence to prove whether the removed stakes and flags were permanent (and therefore fell within the definition of "survey monument or marker") or were temporary (and therefore

fell within the exception to that definition). **See** 18 Pa.C.S.A. § 3312(d). The trial court's finding of fact that the Mittal company intended the stakes and flags as permanent fixtures that fell within the statutory definition was mere speculation.

To support the trial court's unsubstantiated finding, the Commonwealth makes much of Mr. Horneman's admission on cross-examination that he did not know whether the Mittal company intended the wooden stakes and flags to be permanent or temporary. However, his inability to read a third-party's mind was irrelevant, as a matter of constitutional law.

It was not Ms. Harvey's obligation to disprove her guilt by forcing her expert to divine the mindset of the Mittal company on the morning of April 25, 2020. Fundamentally, she did not have the obligation to disprove any element of the offenses charged, because it is settled law in this country that "**the prosecution** must convince the trier [of fact] of all the essential elements of guilt." **In re Winship**, 397 U.S. 358, 361, (1970) (emphasis added). By relying on the failure of Ms. Harvey's expert witness **to disprove** an element of the offense charged, the Commonwealth would have this Court violate Ms. Harvey's Due Process Rights under the Fourteenth Amendment to the Constitution of the United States. **See id**. This we may not do.

In sum, it was the Commonwealth's burden to prove that the survey markers were intended to be permanent and thereby bring them within the definition of "survey monument or marker" under 18 Pa.C.S.A. § 3312(d). The Commonwealth did not meet that burden during its case-in-chief. Hence,

as a matter of law, the conviction for destruction of a survey monument may not stand.

Ms. Harvey's first appellate issue warrants relief.[3]

Judgment of sentence vacated. Order denying post-sentence motion reversed; judgment of acquittal granted on charge of destruction of a survey monument. Case remanded for resentencing on charge of simple trespass.[4]

Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/08/2023

---

[3] We dismiss her two remaining appellate issues as moot.

[4] We note that the parties and trial court agree that the sentencing court made a clerical error when drafting its order and the docket regarding the statutory subsection for the simple-trespass charge. This clerical error was the sole basis of Ms. Harvey's third appellate issue and argument. On remand, the court may correct its clerical error at resentencing. Thus, we need not address the third issue further.